Zach Berne, ABA #1311098
TRUEB BERNE & BEARD, LLP
330 L Street, Suite 101
Anchorage, AK  99501
Phone: (907) 277-0161
Fax: (907) 277-0164
Email: zberne@tbmaritimegroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| ALEXANDER URIE and<br>F/V KIHAR LLC,<br><br>　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>F/V HANTA YO, O.N. 970224, her engines, machinery, equipment, appurtenances, etc., *in rem*,<br>　　and<br>FORD BROS FISHERIES LLC, an Alaska limited liability company, and JOHN C. FORD, individually, *in personam*,<br><br>　　　　　　　　　Defendants. | No. 3:26-cv-_____<br><br>BROUGHT AT LAW AND IN ADMIRALTY<br><br>VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM* FOR MARITIME TORTS<br><br>JURY TRIAL REQUESTED |

Plaintiffs Alexander Urie and F/V Kihar LLC, through counsel Trueb Berne & Beard, LLP, for their verified Complaint against Defendants, allege as follows:

**JURISDICTION AND VENUE**

1. This action is brought at law and in admiralty. Plaintiffs elect to try their claims before a jury under the law side of this Court.

2. All events and omissions giving rise to Plaintiffs' causes of action arise from a collision that occurred when the *in rem* defendant vessel F/V HANTA YO, O.N. 970224 (the

"HANTA YO"), struck the vessel F/V ELLY G, O.N. 1334598 (the "ELLY G"), while both vessels were upon navigable waters in or near the Ugashik commercial fishing district within Bristol Bay, Alaska. At the time of the collision, both vessels were involved in commercial fishing and other traditional maritime commerce. Plaintiffs' claims against Defendants arise under general maritime law.

3. This Court has jurisdiction over this action under 28 U.S.C. § 1331, § 1332, and/or § 1333 and because Plaintiffs' claims and damages arise from Defendants' specific contacts and conduct in Alaska.

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the events and omissions giving rise to this action, including the vessel collision, occurred in this District.

5. The collision occurred on or about July 9 2024. Plaintiffs claims are therefore timely filed under 46 U.S.C § 30106, general maritime law, and other applicable law.

## PARTIES

6. Plaintiffs reallege and incorporate Paragraphs 1-5 as if fully restated.

7. At all times material to this action, Plaintiff Alexander Urie ("Mr. Urie") is and was a citizen of the United States of America and a resident of Washington.

8. At all times material to this action, Plaintiff F/V Kihar LLC ("Kihar") is and was a Washington limited liability company, organized and operating under the laws of the State of Washington.

9. At all times material to this action, Mr. Urie was and is a Governor of Kihar, which owns the ELLY G.

10. Upon information and belief, at all times material to this action, Defendant *in rem* HANTA YO and her engines, machinery, equipment, gear, tackle, and appurtenances

("Appurtenances") is or was a fishing vessel owned, owned *pro hac vice*, operated, chartered, and/or controlled by Defendant Ford Bros Fisheries LLC ("Ford Bros"). The HANTA YO is 32-feet long, 14.6-feet broad, 22 gross registered tons, has an aluminum hull, and was constructed in 1991. The HANTA YO's U.S. Coast Guard Official Number is 970224 and its hailing port is King Salmon, Alaska. A true and accurate copy of the vessel's U.S. Coast Guard Certificate of Documentation is attached to this Complaint as Exhibit 1.

11. The HANTO YO is now or during the pendency of process hereunder will be within this District and within the jurisdiction of this Court.

12. Upon information and belief, at all times material to this action, Defendant *in personam* Ford Bros is or was an Alaska limited liability company, organized and operating under the laws of the State of Alaska and maintains its principal place of business in Alaska.

13. Upon information and belief, at all times material to this action, Defendant *in personam* John C. Ford ("Mr. Ford") is and was resident of California and one of two members of Ford Bros, along with Joshua C. Ford.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

14. Plaintiffs reallege and incorporate Paragraphs 1-13 as if fully restated.

15. On or about July 9, 2024, Mr. Urie was captaining the ELLY G near the north fishing boundary of the Ugashik commercial fishing district.

16. While the ELLY G had her nets deployed and was actively engaged in commercial fishing, the HANTA YO, operated by Mr. Ford, struck and T-boned the midship port side of the ELLY G. The HANTA YO was operating at an unreasonable speed at the time of the collision, failed to give way to the ELLY G, failed to determine the risk of a collision, failed to take action to avoid the collision, and appears to have lacked a proper lookout.

TRUEB BERNE & BEARD LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

17. When the HANTA YO struck the ELLY G, the HANTO YO was not actively engaged in commercial fishing operations but was merely traveling in the area.

18. After the HANTA YO struck the ELLY G, the HANTA YO did not stop or turn back but rather left the area.

19. At no time did the HANTA YO offer to render assistance of any kind to the ELLY G or its crew.

20. As a result of the collision, Mr. Urie sustained injuries to his back, neck, hips, and right hand as well as anxiety, posttraumatic stress, depression, and mental anguish.

21. As a result of the collision, the ELLY G sustained damages to her hull, machinery, equipment, and other parts of the vessel.

22. As a result of the collision, Plaintiffs have incurred and continue to incur damages including, without limit, lost income, medical costs, pain and suffering, reduced earning capacity, vessel repair costs, delay expenses, survey expenses, loss of use and profit, increased insurance premiums, diminution in value of the ELLY G, and other damages, costs, and expenses.

## COUNT I
## CLAIMS OF ALEXANDER URIE AND F/V KIHAR LLC FOR GENERAL MARITIME LAW NEGLIGENCE

23. Plaintiffs reallege and incorporate Paragraphs 1-22 as if fully restated.

24. Mr. Urie was captain aboard the ELLY G on July 9, 2024.

25. Defendants owed Mr. Urie duties under general maritime law including, without limit, to act reasonably under the circumstances, have a look out, avoid the collision, and operate the HANTA YO at a reasonable and safe speed, at all times observing all navigation rules and principles so as to prevent harm and injury to property and body.

TRUEB BERNE & BEARD LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

26. Defendants breached said duties in Paragraph 26 by, without limit, failing to act reasonably under the circumstances; failing to have a look out; failing to take any action to avoid the collision; failing to operate the HANTA YO at a reasonable and safe speed; failing to give way or standby; failing to keep out of the way of a vessel engaged in fishing; failing to render assistance after the collision; and other breaches.

27. Defendants' negligence has caused and will cause Mr. Urie to suffer damages including, but not limited to the following: (a) Mr. Urie has been prevented from and may in the future be prevented from pursuing his regular occupation, thereby suffering past lost income, future lost income, and diminished future earning capacity; (b) Mr. Urie was prevented from and may in the future be prevented from enjoying the pursuits of life; (c) Mr. Urie has experienced and will continue to experience substantial pain, suffering, and loss of enjoyment of life; (d) Mr. Urie has and will continue to suffer from disabilities and functional limitations; (e) Mr. Urie has and will continue to suffer from emotional distress, mental anguish, anxiety, and other psychological conditions; (f) Mr. Urie has incurred and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees, medication, medical devices, and lifecare costs; and (g) Mr. Urie has suffered and will suffer other damages to be proven more definitely at trial. Mr. Urie's damages exceed Five Hundred Thousand Dollars ($500,000), in an amount to be proven more definitely at trial.

28. Defendants' negligence has caused and will cause Kihar to suffer damages including, but not limited to the following: (a) loss of use of the ELLY G and lost profits; (b) diminution in value of the ELLY G; (c) an out of pocket deductible of $20,000 from Kihar's hull and machinery insurance policy for the ELLYG G; and (d) increased insurance premiums.

TRUEB BERNE & BEARD LLP
330 L STREET, SUITE 101
ANCHORAGE, ALASKA 99501
PHONE (907) 277-0161
FAX (907) 277-0164

29. Plaintiffs' negligence claim gives rise to a preferred maritime lien against the HANTA YO enforceable by *in rem* proceedings against the vessel pursuant to Supplemental Admiralty Rule C.

30. Plaintiffs' claims for negligence against Defendants are brought under this Court's diversity jurisdiction (28 U.S.C. § 1332).

## COUNT II
## CLAIMS OF ALEXANDER URIE AND F/V KIHAR LLC FOR NEGLIGENCE PER SE

31. Plaintiffs reallege and incorporate Paragraphs 1 – 30 as if fully restated.

32. Defendants owed Plaintiffs duties to comply with the 1972 Inland Regulations for Preventing Collisions at Sea (COLREGs), as incorporated into U.S. Law.

33. Defendants breached said duty by violating several COLREGs including, without limit, failing to maintain a proper lookout under Rule 5; failing to operate at a safe speed under Rule 6; failing to determine the risk of collision and/or make proper use of radar under Rule 7; failing to take action to avoid a collision under Rule 8; failing to act reasonably in a crossing situation under Rule 15; failing to give way under Rule 16 and/or Rule 17; and failing to keep out of way of a vessel engaged in fishing under Rule 18.

34. Per 46 U.S.C. § 2303, Defendants owed Mr. Urie a duty of reasonable care to render the ELLY G and her crew assistance after the collision.

35. Defendants' breach of the COLREGS and breach of 46 U.S.C. § 2303 constitute negligence *per se*.

36. Defendants' negligence *per se* has caused and will cause Mr. Urie to suffer damages including, but not limited to the following: (a) Mr. Urie has been prevented from and may in the future be prevented from pursuing his regular occupation, thereby suffering past lost

income, future lost income, and diminished future earning capacity; (b) Mr. Urie was prevented from and may in the future be prevented from enjoying the pursuits of life; (c) Mr. Urie has experienced and will continue to experience substantial pain, suffering, and loss of enjoyment of life; (d) Mr. Urie has and will continue to suffer from disabilities and functional limitations; (e) Mr. Urie has and will continue to suffer from emotional distress, mental anguish, anxiety, and other psychological conditions; (f) Mr. Urie has incurred and will in the future incur reasonable and necessary medical expenses, including but not limited to physician fees, medication, medical devices, and lifecare costs; and (g) Mr. Urie has suffered and will suffer other damages to be proven more definitely at trial. Mr. Urie's damages exceed Five Hundred Thousand Dollars ($500,000), in an amount to be proven more definitely at trial.

37. Defendants' negligence *per se* has caused and will cause Kihar to suffer damages including, but not limited to the following: (a) loss of use of the ELLY G and lost profits; (b) diminution in value of the ELLY G; (c) an out of pocket deductible of $20,000 from Kihar's hull and machinery insurance policy for the ELLYG G; and (d) increased insurance premiums. Kihar's damages exceed Five Hundred Thousand Dollars ($500,000), in an amount to be proven more definitely at trial.

38. The claims negligence *per se* give rise to a preferred maritime lien against the HANTA YO enforceable by *in rem* proceedings against the vessel pursuant to Supplemental Admiralty Rule C.

39. Plaintiffs' claims for negligence *per se* against Defendants are brought under this Court's diversity jurisdiction (28 U.S.C. § 1332).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this Court to hear their just cause of action; require Defendants to answer their just cause of action; and award Plaintiffs judgment against Defendants as follows:

1. Plaintiffs be awarded special and general compensatory damages and any other damages allowable under the general maritime law against Defendants, jointly and severally, in a sum in excess of Five Hundred Thousand Dollars ($500,000.00), in an amount to be more fully determined at trial;

2. Plaintiffs be adjudged holders of preferred maritime liens against the HANTA YO; and that the HANTA YO be held to answer to an *in rem* judgment, with all available *in rem* procedures;

3. That the Court issue a warrant *in rem* for the arrest of the HANTA YO and that all persons claiming an interest therein may be cited to appear and answer the matters stated in this complaint;

4. That the HANTA YO be condemned and sold to pay the Plaintiffs' damages;

5. That Plaintiffs be awarded attorney's fees, prejudgment interest, post-judgment interest, costs; and

6. Any other relief in law or equity to which Plaintiffs are shown to be entitled.

TRUEB BERNE & BEARD LLP
Attorneys for Plaintiff

DATED: 01/26/2026

By: s/ Zach Berne
Zach Berne, ABA No. 1311098

# VERIFICATION

ALEXANDER URIE, individually and as a Governor of F/V Kihar LLC, a Washington limited liability company, deposes and says: he is the Plaintiff in the above-entitled action and a Governor of F/V Kihar LLC, the other Plaintiff in the above-entitled action, and makes this verification on his own behalf and on behalf of F/V Kihar LLC; and he has read the above and foregoing Complaint *in rem* and *in personam*, knows the contents thereof, and the same is true to the best of his knowledge and belief, based upon the information furnished to him.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.

01.22.2026
Dated

*Alexander M Urie*
ALEXANDER URIE, individually and as Governor of F/V Kihar LLC, Plaintiffs